NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AIDE SANDOVAL-NUNEZ, | No. 14-73503 |
| Petitioner, | Agency No. A096-107-751 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 4, 2018**
Seattle, Washington

Before: BYBEE and N.R. SMITH, Circuit Judges, and ANTOON,*** District Judge.

After the Department of Homeland Security ordered that Petitioner Aide

Sandoval-Nunez be removed to her native country of Mexico, Sandoval-Nunez

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

applied for deferral of removal under the Convention Against Torture ("CAT"). *See* 8 C.F.R. § 1208.17 (2018). The immigration judge ("IJ") denied her application, and Sandoval-Nunez appealed to the Board of Immigration Appeals ("BIA"), which dismissed her appeal. Sandoval-Nunez now petitions this Court for review of the BIA's dismissal, seeking remand or, alternatively, reversal.

1. Sandoval-Nunez's request for remand is denied. In *Maldonado v. Lynch*, we held that an applicant does not bear a burden of demonstrating that relocation within the proposed country of removal is impossible because the IJ must consider all relevant evidence and no one factor is determinative. 786 F.3d 1155, 1164 (9th Cir. 2015). By considering the ability to relocate as only one of many factors pertinent to whether "it is more likely than not that [Sandoval-Nunez] will be tortured if removed" to Mexico, the BIA's decision in this case complied with the principles of *Maldonado*. *Id.*

2. The BIA did not violate Sandoval-Nunez's due process rights by failing to explicitly address legal arguments advanced on appeal to the BIA. The BIA "adopt[ed] and affirm[ed] the decision of the [IJ]," expressed no disagreement with any part of the IJ's decision, and cited to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). This signified that the BIA "had conducted an independent review of the record and had exercised its own discretion in determining that its conclusions were the same as those articulated by the IJ." *Abebe v. Gonzales*, 432

14-73503

F.3d 1037, 1040 (9th Cir. 2005). Thus, the BIA did not err by summarily rejecting Sandoval-Nunez's arguments.

3. Substantial evidence supports denial of Sandoval-Nunez's application for deferral under CAT. Sandoval-Nunez argues the BIA and IJ failed to consider evidence that she would be tortured due to her sexual orientation or by individuals who abused her as a child or the Sinaloa cartel. Accepting Sandoval's testimony as truthful, the record does not compel a finding that Sandoval-Nunez is more likely than not to be tortured at the "acquiescence of a public official or other person acting in an official capacity" if removed to Mexico. 8 C.F.R. § 1208.18(a)(1); 8 U.S.C. § 1252(b)(4)(B); *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED**.